**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 18, 2016

LETTER TO COUNSEL

      RE:    *Nicole Baylor v. Commissioner, Social Security Administration*;
              Civil No. SAG-15-3520

Dear Counsel:

      On November 19, 2015, Plaintiff Nicole Baylor petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Baylor's reply. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Baylor filed a claim for Supplemental Security Income ("SSI") on January 19, 2012. (Tr. 144-52). She alleged a disability onset date of September 10, 2008. *Id.* Her claim was denied initially and on reconsideration. (Tr. 67-75, 77-84). A hearing was held on February 10, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 27-66). Following the hearing, the ALJ determined that Ms. Baylor was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 7-24). The Appeals Council denied Ms. Baylor's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Baylor suffered from the severe impairments of "history of head trauma from injury over 20 years ago; mild dextroscoliosis of the spine; diabetes mellitus; hypertension; asthma; depressive disorder; and obesity." (Tr. 12). Despite these impairments, the ALJ determined that Ms. Baylor retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except that she can occasionally stoop and crouch; frequently but not constantly reach, handle, and finger; and never have exposure to pulmonary/respiratory irritants at moderate levels in the work environment. She is able to fulfill short, simple instructions and respond appropriately to supervisors and in brief encounters, of 1 to 3 minutes maximum, with others but not have any public interaction requirements.

*Nicole Baylor v. Commissioner, Social Security Administration*
Civil No. SAG-15-3520
October 18, 2016
Page 2

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Baylor could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 22-23).

Ms. Baylor raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to evaluate Listing 3.03. Pl. Mot. 8-18; Pl. Rep. 2-9. I concur that the ALJ's opinion is deficient under *Mascio*, and thus recommend remand to allow compliance with that decision. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Baylor is not entitled to benefits is correct or incorrect.

Beginning with the *Mascio* issue, there the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Ms. Baylor to have moderate limitations in maintaining concentration, persistence or pace. (Tr. 15). The entirety of the analysis states, "[Ms. Baylor] has reported difficulty concentrating and asked if she had 'dementia' at the psychological consultative examination. However, her score on the mini-mental state examination (MMSE) was 27/30. She reported that she is 'sometimes good' at following written instructions." *Id.* (internal citations omitted). According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Nicole Baylor v. Commissioner, Social Security Administration*
Civil No. SAG-15-3520
October 18, 2016
Page 4

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Ms. Baylor's case suggests that the finding of "moderate difficulties" was based exclusively on the finding that she reported issues in concentration and asked if she had dementia at her psychological examination, since the remaining sentences in the analysis would suggest mild or no limitations. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Baylor to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC to "short, simple instructions" without further limitation. (Tr. 15). In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Ms. Baylor makes the additional argument that the ALJ did not engage in a proper analysis of Listing 3.03. Specifically, Ms. Baylor contends that "the ALJ admittedly did not consider [her] complete medical history," including a 2009 spirometry report that indicated chronic asthmatic bronchitis.[1] Pl. Mot. 13; Pl. Rep. 7-8. Contrary to Ms. Baylor's assertion, the ALJ properly evaluated her asthma under Listing 3.03. Critically, "the claimant bears the burden of demonstrating that [her] impairment meets or equals a listed impairment." *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). At step three, the ALJ determined that Ms. Baylor's impairments did not meet the specific requirements of, or medically equal the criteria of, Listing 3.03. (Tr. 12-15). Listing 3.03 requires a showing of asthma with chronic asthmatic bronchitis as outlined in paragraph A, or asthmatic attacks as outlined in paragraph B. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.03. Under paragraph A, chronic asthmatic bronchitis requires a showing of a forced expiratory volume (FEV) 1 equal to or less than the value specified in the 3.02A table. *Id.*

Here, the ALJ determined that the evidence did not meet or equal Listing 3.03A because it was contradicted by the objective record and outside the relevant time period. (Tr. 13-14). Although the ALJ noted that spirometry testing in 2009 revealed a "highest FEV1 value of 1.03…indicating severe obstruction," the ALJ discredited the evidence because the "testing took place more than 2 years before the protective filing date of [Ms. Baylor's] application." *Id.* While Ms. Baylor correctly notes that an ALJ is required to consider a claimant's "complete medical history," Pl. Mot. 13; Pl. Rep. 7-8, the ALJ properly considered and discounted the evidence here because it failed to show that Ms. Baylor's condition persisted following treatment in the period after her application was filed. Indeed, the ALJ explicitly noted that Ms. Baylor failed to show evidence of "ongoing treatment due to breathing difficulties/asthma

---

[1] Ms. Baylor also contends that the ALJ "erroneously relied on the requirements of subsection B in finding that [she] did not meet or equal Listing 3.03 subsection A." Pl. Mot. 8, 14-16. Specifically, she argues that the ALJ's use of the term "asthma exacerbations" demonstrates a failure to appropriately differentiate paragraphs A and B of the Listing. *Id.* at 14-15. However, assuming *arguendo* that the ALJ improperly conflated the evidentiary requirements under Listing 3.03, I find such error harmless in light of the ALJ's finding – based on Ms. Baylor's testimony, the objective medical record, and the absence of timely FEV test results – that her asthma was "controlled" during the relevant period and failed to meet or medically equal the Listing. (Tr. 12-15).

exacerbations," and cited testimony and contemporary objective evidence that her asthma was "controlled." (Tr. 14). For example, the ALJ noted Ms. Baylor's testimony that "her inhalers help a lot and she only has to use her home nebulizer machine maybe twice a month," *id*., and cited objective testing conducted after the filing date that revealed improved respiratory findings, (Tr. 17-19, 297, 324, 544, 628). Moreover, the ALJ noted the preamble to the respiratory listings, which states that "the asthma listing specifically includes a requirement for continuing signs and symptoms despite a regimen of prescribed treatment." (Tr. 13) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.03). Accordingly, the ALJ found that the "pulmonary function testing in this record is more than 2 years before the protective filing date of [Ms. Baylor's] application, and treatment records since that date show that her asthma is controlled." (Tr. 14). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Baylor's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Applying those standards, I conclude that the ALJ's evaluation of Listing 3.03 was proper.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge